LABORDE, PLAINTIFF AND APPELLANT, *v.* TORO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in An Action for Damages for Breach of Contract.

No. 1295.—Decided July 28, 1915.

POWER OF ATTORNEY—CONTRACT.—In this case the plaintiff and the defendant entered into a contract which is set out in the following letter written by the latter to the former: ''I hereby authorize you to use the means at your disposal to collect $16,153.50, the amount of rent due me on 1,591.63 *cuerdas* of land from January 1, 1913, to March 31 of the present year from Mr. Behn, receiver of the Borinquen Sugar Company. In naming you my agent and representative for this purpose I also authorize you, for your own account and risk, to employ the services of an attorney, if necessary, and it is understood that I will accept 50 per cent of the above amount from you in full payment of the debt; for which end I authorize you to sign and endorse my name on the check which may be delivered to me for the said amount, allowing you the benefit of any sum in excess of this percentage as a commission for your services.'' *Held:* That the said contract should be considered a power of attorney and be governed by the provisions of the Revised Civil Code relating thereto.

ID.—ACTION FOR DAMAGES.—According to the laws of Porto Rico a principal has the right to revoke a power of attorney at his pleasure, and the mere fact that he exercises that right cannot serve as grounds for an action for damages.

ID.—CONSTRUCTION.—In construing a power of attorney, not only the law but also the terms, agreements and conditions of each particular case should be taken into account.

ID.—ACQUIRED RIGHTS—REVOCATION.—If according to the conditions of a contract
   the agent acquires rights conferred upon him therein while the contract is
   in force, the principal cannot deprive him of said rights by a subsequent
   revocation of the power.

The facts are stated in the opinion.

*Mr. Eugenio Benítez Castaño* for the appellant.

*Messrs. Aponte & Aponte* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of the District Court
of Humacao rendered on the pleadings in an action for
damages for breach of contract.

Summarized, the complaint alleged that the plaintiff and
defendant, both residents of Humacao, entered into the fol-
lowing contract:

"HUMACAO, P. R., *April 1, 1914.*

"MR. ALEJANDRO LABORDE,

               "Humacao, Porto Rico.

"DEAR SIR: I hereby authorize you to use the means at your dis-
posal to collect $16,153.50, the amount of rent due me on 1,591.63
*cuerdas* of land from January 1, 1913, to March 31 of the present
year from Mr. Behn, receiver of the Borinquen Sugar Company. In
naming you my agent and representative for this purpose, I also
authorize you, for your own account and risk, to employ the services
of an attorney, if necessary, and it is understood that I will accept
50 per cent of the above amount from you in full payment of the
debt; for which end I authorize you to sign and endorse my name
on the check which may be delivered to me for the said amount,
allowing you the benefit of any sum in excess of this percentage as
a commission for your services.

     "Yours very truly,

                         (Signed)        "JOSÉ TORO RÍOS."

It was alleged that in compliance with the obligations
contracted the plaintiff went to San Juan on various occasions
and made diligent efforts to collect the amount, and not being
able to do so himself, engaged Attorneys Guerra and Benítez
to look after the interests of the defendant, giving them a
retainer of $300 and agreeing to divide with them any surplus

which might remain after the 50 per cent belonging to the defendant had been paid.

That the attorneys took all the steps described and finally succeeded in getting the special master to admit the preferential nature of the defendant's claim, and the Federal Court approved his report and authorized the receiver to pay 65 per cent, provided the payment of the remaining 35 per cent should be waived.

That the plaintiff finally agreed to this, but when he attempted to collect the said 65 per cent the receiver refused to pay it to him because the defendant had denied that the plaintiff was his representative or that he had entered into the contract with him; that in fulfilment of the contract entered into with the defendant the plaintiff made several trips to San Juan and remained there for long periods of time neglecting his own business and incurring heavy expenses.

Wherefore, the plaintiff alleged that he had been damaged in the sum of $8,076.75.

The defendant demurred on two grounds, namely; that the complaint was uncertain in that it did not state in detail the nature and amount of the damages sustained, and that it did not state facts sufficient to constitute a cause of action.

The district court did not consider the first ground of demurrer but sustained the second and therefore dismissed the complaint with costs. Judgment having been entered on February 8, 1915, the plaintiff took the present appeal.

The case was fully discussed before this court and the first question that presented itself for argument was the nature of the contract transcribed in the complaint. The plaintiff contended that the said contract was a "power of attorney coupled with an interest," while the defendant alleged that it was a simple power of attorney which should be construed by applying the laws in force in Porto Rico governing the matter.

In its opinion the trial court, expressed itself as follows:

"The said document plainly shows that José Toro Ríos authorized Laborde to perform acts which but for the latter's mediation the defendant would have had to perform himself, elements which constitute a power of attorney whose result is the accomplishment of juridicial acts through another. Now, in view of the nature of the contract, can the defendant violate it without becoming liable to the plaintiff? The latter's attorney asserts that he cannot because the commission not only is not gratuitous but is of a special character inasmuch as it confers certain rights upon the attorney in fact and should be considered as a bilateral contract or special power of attorney coupled with an interest in the subject-matter. In this connection we understand that the plaintiff cannot apply an arbitrary name unknown to our code to designate acts which, in view of the development thereof, are perfectly defined in the said code which governs the relations of individuals among themselves (13 P. R. R. 356).

"Therefore, the document executed by José Toro Ríos in favor of Alejandro Laborde is a plain and specific power of attorney, as defined by section 1611 of the Civil Code, and should be governed by the said code which in section 1635 provides as follows:

" 'The principal may, at his will, revoke the power and compel the agent to return the instrument containing the same in which the authority was given.'

"If the contract between Toro Ríos and Laborde is a power of attorney, and if the power of attorney, which is an agency of a confidential nature, can be revoked at the will of the principal, how can the agent bring an action against his principal for revoking a power which the statute authorizes him to revoke at his pleasure? And even if the commission could not be considered as gratuitous under the document executed by Toro Ríos in favor of Laborde, that fact would not prevent its revocation because in enacting that the principal may, at his will, revoke the power, the Legislature did not distinguish between gratuitous and remunerative commissions, and *ubi lex non distinguet distinguere non debemus.*"

Therefore, the trial court held that this being a case of a power of attorney in which the principal, in the exercise of the right conferred by law, revoked the authority granted to his agent, the latter has absolutely no right of action for damages on the contract entered into.

We agree that the contract in this case should be considered a power of attorney and therefore should be governed by the provisions of the Revised Civil Code; and, admitting this fact, we are of the opinion that the complaint states facts sufficient to constitute a cause of action.

We do not deny the right which, according to the laws of Porto Rico, the principal has to revoke, at his will, the agency which he confers by the power of attorney. Such right is expressly given him by section 1635 of the Civil Code and the mere fact of its exercise cannot serve as a ground for a claim for damages. But it cannot be denied that a power of attorney is a contract which confers rights and imposes obligations upon both contracting parties, and that, aside from the law, the interpretation of each individual case calls for a consideration of the terms, agreements and conditions thereof. In this case which is submitted to our consideration and decision, it cannot be denied that the agent is granted certain rights which if acquired while the contract was in full force and effect could not be destroyed later by a revocation of the authority conferred.

For instance, if the complaint were based on the fact that the principal had revoked the authority conferred upon the agent without cause and by that act alone had injured his reputation, the complaint, according to the law in force in Porto Rico, would not state facts sufficient to constitute a cause of action. But the complaint in this case alleges not only that the contract was entered into in the terms stated therein, which clearly imply a remuneration, but also that the plaintiff began to comply with the commission conferred upon him by the defendant; that he devoted his time and intelligence, as well as the time and intelligence of other persons, to the attainment of the defendant's desires; that he traveled and spent money in fulfilling his commission and that when his endeavors were about to be crowned with success, the defendant prevented him from receiving the fruits of his

labor as previously agreed upon. In such circumstances the law itself recognizes the right of the plaintiff.

Sections 1630 and 1631 of the Revised Civil Code read as follows:

"Section 1630.—A principal must advance to the agent, if the latter should request it, the amounts necessary for the execution of the agency.

"Should the agent have advanced them, the principal must reimburse him for the same, even if the transaction should not have succeeded, provided the agent should have been exempted from blame.

"The reimbursement shall include interest on the amounts advanced, counted from the day on which the advance was made.

"Section 1631.—The principal must also indemnify the agent for all losses and damages he may incur in complying with the agency without fault or imprudence on the part of said agent."

In commenting on article 1728 of the old Civil Code, which is similar to section 1630 of the Revised Civil Code, Manresa expresses himself as follows:

"The purpose of the preceding article is to determine the principal's obligations as to third persons and this article enumerates some of the obligations which he owes to his agent. It confirms what we said about the general bilateral nature of a power of attorney in commenting on article 1709. For, if the essence of a bilateral contract is that each of the parties is bound by the agreement, from which flows a right of personal and direct action to compel mutual compliance therewith, the article under consideration shows how obligations attach to the principal by virtue of the power of attorney, which the agent can compel him to comply with strictly by bringing what the Romans called an action of *mandati contraria.*

＊        ＊        ＊        ＊        ＊        ＊        ＊

"The doctrine that mutual reciprocal actions flow from the power of attorney is corroborated by the right which the agent has to bring the action of *mandati contraria* to recover not only a reimbursement of the expenses, but also the remuneration agreed upon.

"Articles 1728 *et seq.* are silent on this point, but it cannot be inferred from this that the agent has no such right, for article 1711 establishes the hypothesis that the power may be remunerative, and, in its second paragraph, even provides that remuneration is presumed

when the agent's occupation is the performance of services of the kind to which the power refers. The contract being the law governing the contracting parties and the legality of the remunerative stipulation in the power being absolutely established, we are of the opinion that the omission of the obligation of the principal to pay proper remuneration does not lessen or weaken in any way the right of the agent to exact the same from the principal in the case of an agency coming under the presumption specified in article 1711.

"The foregoing shows the bilateral nature of the juridical relation which the power creates in the great plurality of instances." XI Manresa, Spanish Civil Code, 539–540.

In commenting on article 1729 of the old Civil Code, which is the same as section 1631 of the Revised Civil Code, the same author says:

"It is not necessary to explain the legal basis of this article, for the principles of equity and law combine to show it. Even as the principal may sue the agent for damages for non-compliance with the commission, so may the agent, under the provisions of article 1729, sue his principal for those he has incurred in complying therewith. The object of the legislature was to make the actions reciprocal on this point, especially in view of the fact that in a gratuitous commission it would be unjust to deny the agent that right when the cause of the loss was the agency conferred." XI Manresa, Spanish Civil Code, 545.

Perhaps a close examination of the complaint would reveal that it has not been prepared with the clearness and precision required in a pleading of its kind. However, we do not care to express an opinion on this point, but leave that for the lower court to decide freely after hearing both parties. The case must necessarily be remanded to the district court and we wish to avoid the expression of any doctrine which might influence the final decision of the same to be reached after the pleadings and evidence have been examined.

In view of all the foregoing, we are of the opinion that, as the complaint states facts sufficient to constitute a cause of action, the judgment holding to the contrary should be

reversed and the case remanded to the district court of its origin for further proceeding according to law.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.